UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILLENIUM DRILLING CO., INC., | Case No. 2:12-cv-00462-MMD-CWH |
| Plaintiff, | ORDER |
| v. | (Defs.' Motion to Dismiss – dkt no. 32; Defs.' Motion for More Definite Statement – dkt. no. 35.) |
| BEVERLY HOUSE-MEYERS RECOVABLE TRUST, et al., | |
| Defendants. | |

**I.   SUMMARY**

Before the Court are Defendants' Motion to Dismiss (dkt. no. 32) and Motion for More Definite Statement (dkt. no. 35). For the reasons stated below, both motions are denied.

**II.   BACKGROUND**

   **A.   Factual History**

Plaintiff Millennium Drilling Co, Inc. ("Millennium") seeks payment related to Defendants' investments in certain oil and gas companies. Millennium alleges that Defendants Beverly House-Meyers Revocable Trust, Grace Mae Properties, LLC, Molly Hamrick, Robert Hamrick, Hamrick Trust, and Beverly House-Meyers acquired working interests in oil and gas investments and became general partners in the Falcon, Colt, and Lion drilling partnerships (collectively, the "drilling partnerships"). These partnerships were engaged in oil and gas exploration. Defendants allegedly invested in the drilling partnerships with cash contributions as well as subscription note, security, and pledge

agreements (the "notes").[1] The notes included language allowing the notes to be assigned by the drilling partnerships to Millennium.

Through their managing partner Montcalm Co., LLC ("Montcalm"), the drilling partnerships acquired interests in portions of portfolios of oil and gas leases and lands assembled by Third Party Defendant Patriot Exploration, including properties located in Texas. The drilling partnerships then contracted with Millennium for the drilling of the related wells. For example, Falcon Drilling Partnership executed an agreement with Millennium in which Falcon pledged all of its partners' subscription notes to Millennium as security for Falcon's future payment obligations. Millennium later claimed that Falcon had defaulted according to the terms of the agreement and that Defendants owed the capital contributions that they had pledged as security.

**B.     Procedural History**

On March 19, 2012, Millennium filed a complaint against Defendants in the District of Nevada. The complaint alleged breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing. Defendants raised as affirmative defenses (1) that Millennium had committed fraud with respect to the contract; and (2) that the contract was unconscionable and illegal. With leave of the Court, Millennium filed its First Amended Complaint ("FAC") on November 26, 2012.

On June 6, 2012, Hamrick, House-Myers, and R&M filed a complaint against Patriot Exploration, among others, but not including Millennium, in Texas state court based on the same underlying transactions giving rise to Millennium's lawsuit. Patriot Exploration removed the case to the Southern District of Texas. Hamrick, House-Myers, and R&M allege (1) breach of fiduciary duty; (2) fraud/fraud in the inducement; (3) ///

---

[1] Third Party Defendants Robert and Elizabeth Holt acted as Defendants' financial advisors from 2003 to 2008. The Holts allegedly introduced Defendants to Feldman in 2004 and informed Defendants about the investment opportunity in the drilling partnerships.

2

fraudulent nondisclosure; (4) negligent misrepresentation; (5) breach of contract; (6) imposition of constructive trust; and (7) conspiracy.

On January 15, 2013, Hon. Melinda Harmon, United States District Judge for the Southern District of Texas, granted Patriot Exploration's Motion to Transfer Venue, determining that the Nevada and Texas actions involved substantially similar issues. (Dkt. no. 67 at 6.)

On May 6, 2013, this Court consolidated the two related cases into the first-filed Nevada action. (Dkt. no. 79.) The Court now addresses Defendants' Motion to Dismiss and Motion for More Definite Statement. (Dkt. nos. 32 and 35.)

### III.   MOTION TO DISMISS

Defendants moved for the Court to dismiss this action in favor of the second-filed Texas action. Because the two cases have been consolidated, this Motion is denied as moot.

### IV.   MOTION FOR MORE DEFINITE STATEMENT

#### A.   Legal Standard

A motion for more definite statement pursuant to Rule 12(e) attacks "the unintelligibility of the complaint, not simply the mere lack of detail[.]" *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). Courts will deny the motion if the complaint is specific enough to give notice to the defendants of the substance of the claim asserted. *Id.* A Rule 12(e) motion should be granted only if the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

"Rule 12(e) is designed to strike an unintelligibility rather than want of detail . . . . A motion for a more definite statement should not be used to test an opponent's case by requiring him to allege certain facts or retreat from his allegations." *Neveau*, 392 F. Supp. 2d at 1169 (*quoting Palm Springs Med. Clinic, Inc. v. Desert Hosp.*, 628 F. Supp. 454, 464-65 (C.D. Cal. 1986)). If the facts sought by a motion for a more definite

1  statement are obtainable by discovery, the motion should be denied. *See McHenry v.*
2  *Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "This liberal standard of pleading is
3  consistent with [Rule] 8(a)(2) which allows pleadings that contain a 'short and plain
4  statement of the claim.' Both rules assume that the parties will familiarize themselves
5  with the claims and ultimate facts through the discovery process." *Neveau*, 392 F. Supp.
6  2d at 1169 (*citing Sagan*, 874 F. Supp. at 1077 ("Motions for a more definite statement
7  are viewed with disfavor and are rarely granted because of the minimal pleading
8  requirements of the Federal Rules.")).

**B.   Analysis**

The Court determines that the FAC is not so vague that Defendants cannot respond. *See Cellars*, 189 F.R.D. at 578.

Defendants' objections to the FAC alternatively refute Millennium's allegations or request more information about the allegations. Yet Defendants' requests for clarification demonstrate that they understand the nature of Millennium's allegations. For example, Defendants ask for clarification of paragraph 41 of the FAC, which states "upon information and belief, in early 2010, Falcon became insolvent and did not have sufficient amounts of net operating revenue from oil and gas wells to pay for on-going partnership expenses." Defendants assert that "it is not clear that Falcon became insolvent . . . ." (Dkt. no. 35 at 4.) However, this fact is obtainable via discovery, and Millennium need not clarify this point. *See Renne*, 84 F.3d at 1176.

In fact, Defendants do not claim they are unable to understand Millennium's allegations and legal claims. Millennium need not plead every allegation in exact detail, nor must it attach every referenced document to the FAC. *See Neveau*, 392 F. Supp. 2d at 1169. The Court determines that the FAC is specific enough to give notice to Defendants of the substance of the claims asserted. *See id.* The Motion is accordingly denied.

///

///

**V.     CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (dkt. no. 32) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for More Definite Statement (dkt. no. 35) is DENIED.

DATED THIS 16th day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE