Wade B. Gochnour, Esq.
Nevada Bar No. 6314
**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile:  (702) 567-1568
E-mail: wbg@h2law.com

*Associated with*

Keith Fleischman, Esq.
Fleischman Law Firm
565 Fifth Avenue, 7th Floor
New York, NY  10017
Telephone: (212) 880-9567
E-mail: keith@fleischmanlawfirm.com

Brian McManus, Esq.
Miriam Fisher, Esq.
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2173
E-mail: brian.mcmanus@lw.com
        miriam.fisher@law.com

*Attorneys for Millennium Drilling Co., Inc.*
*Jonathan Feldman and Patriot Exploration Company, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Millennium Drilling Co., Inc., a Delaware Corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>Beverly House-Meyers Revocable Trust, Beverly House-Meyers, Trustee; Grace Mae Properties, LLC; Hamrick Trust, Robert H. Hamrick and Molly Kay Hamrick, Trustees; DOES I through X; and ROES I through X,<br><br>              Defendants. | CASE NO.:   2:12-cv-00462-MMD-CWH<br><br><br><br><br>**STIPULATED PROTECTIVE ORDER** |
| Molly Hamrick, Beverly House-Meyers, R&M Hamrick Family Trust;<br><br>              Third-Party Plaintiffs,<br><br>vs. | CASE NO.:   2:13-cv-00078-MMD-CWH<br>(Consolidated Case) |

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

#2190738.v3

Jonathan Feldman, Montcalm, LLC, Patriot Exploration Company, LLC, Carter Henson, Jr., Matthew Barnes, Robert Holt, Elizabeth Holt, and Schain, Leifer, Guralnick,

Third-Party Defendants.

Plaintiff, Millennium Drilling Co., Inc. ("Millennium") and Third-Party Defendants, Jonathan Feldman ("Feldman") and Patriot Exploration Company, LLC ("Patriot"), by and through their counsel, the law firm of Howard & Howard Attorneys PLLC, and Defendants Beverly House-Meyers Revocable Trust, Beverly House-Meyers, Trustee; Grace Mae Properties, LLC; Hamrick Trust, Robert H. Hamrick and Molly Kay Hamrick, Trustees (collectively "Defendants"), and Third-Party Molly Hamrick, Beverly House-Myers, R&M Hamrick Family Trust (collectively "Third-Party Plaintiffs"), by and through their counsel, Fee, Smith, Sharp & Vitullo, LLP, The Harris Firm, PC and Thorndal, Armstrong, Delk, Balkenbush & Eisinger, hereby stipulate and agree as follows:

1.      In the course of this litigation, the parties have produced and will produce documents, some of which the parties claim to contain confidential information.

2.      That confidential information includes but is not limited to documents and things, and copies thereof, including, but not limited to, partnership records, tax returns, and other financial records.

3.      With respect to any documents which the parties wish to remain confidential, the party may designate (the "Designating Party") as "Confidential Information" all those documents that it/he/she reasonably believes in good faith to contain confidential financial information, trade secrets, business strategy, proprietary information, and/or other sensitive information.

4.      With respect to any documents which the either party reasonably deems to contain Confidential Information which has been previously produced, the party is required to identify and inform all other parties what items are to be designated as Confidential Information within thirty (30) days of entry of this Stipulated Protective Order.

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

#2190738.v3

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

5.      All the documents identified as confidential by a party pursuant to the preceding paragraphs of this Stipulated Protective Order are hereinafter referred to as "Confidential Information."

6.      The parties agree that the Confidential Information shall be used solely for the purposes of this pending Litigation, and shall not be used for any commercial, litigation or other purpose apart from this litigation. "Litigation" for purposes of this Stipulated Protective Order is defined to include the claims, causes of action or defenses asserted by either party in this consolidated action.

7.      The parties agree that they will not disseminate or disclose any of the information contained or learned from the Confidential Information to persons other than their attorneys or designated expert witnesses employed for the purpose of this Litigation. The parties agree that disclosure of the Confidential Information to expert witnesses shall solely be for evaluation, testing, testimony, preparation for trial, or other services related to this Litigation, and agree to require the expert to agree, in writing, to the confidentiality and non-disclosure requirements of this Stipulation by executing a copy of Exhibit A attached hereto. The designation of information as "Confidential Information" pursuant to this Stipulated Protective Order shall not preclude any party from disclosing that information to any person who, in the case of a document, appears as the author or as a recipient thereof on the face of the document, or from disclosing that information to any person who has been identified by the Designating Party as having previously been provided with, or having had access to, the document or the information therein.

8.      Should the parties deem it necessary to seek advice or consultation of any other expert or consultant, the Confidential Information may be disclosed to that expert or consultant, provided that such experts or consultants read this Stipulated Protective Order and execute a copy of Exhibit A attached hereto.

9.      If at any time during the pendency or trial of this action, any Party claims that another Party has unreasonably designated Information as "Confidential Information" the objecting Party may, after a good faith attempt to resolve the dispute with such other Party,

#2190738.v3

make an appropriate application to this Court, requesting that specifically identified Confidential Information be re-designated or excluded from the provisions of this Protective Order. If the Court makes a determination as to confidentiality as a result of a Motion, brought by any Party, the Court shall have the discretion to award reasonable attorney's fees and costs to the prevailing party in such Motion. The burden of proof with respect to the upholding the designation shall be on the Party designating the information as "Confidential Information."

10. Notwithstanding any other provision hereof, this Stipulated Protective Order shall not apply to any Confidential Information that: (a) is or becomes generally available to the public from a source other than unauthorized disclosure by the Parties or their counsel, (b) becomes available to the Parties or their counsel on a non-confidential basis from a source other than the Parties or their counsel, or (c) is obtained outside discovery proceedings in this litigation through lawful means. Nothing in this Stipulated Protective Order shall restrict the use of disclosure by a party of information that it alone has designated confidential. Nothing in this Stipulated Protective Order shall make any documents designated as Confidential Information by a party privileged or either inadmissible in evidence in any law and motion matter or at trial, or precluded from production of the confidential documents in formal discovery, or otherwise alter the obligation of parties to comply with discovery pursuant to the Federal Rules of Civil Procedure, and any Local Rules of the Court.

11. The entry of this Stipulated Protective Order shall neither constitute, nor be used as a basis for, a finding that any Party has waived any objections that it may have to the use, relevance, or admissibility of any Confidential Information

12. The parties agree that within thirty (30) days of the conclusion of Litigation, copies of all documents, which qualify as the Confidential Information, shall either be destroyed or returned to the producing party. If the returning party elects to destroy the documents instead of return them then the returning party shall attest by affidavit or declaration as to the destruction, including the manner in which the Confidential Information has been destroyed.

13. Any Party seeking to submit "Confidential Information" to the Court shall comply with Fed.R.Civ.P. 5.2 and other applicable rules governing the filing and consideration

#2190738.v3

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

of motions.  If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir.2006).

14.    In the event of a disclosure of any of the Confidential Information by any party (or the party's employees, representatives, agents, or experts) to a person not authorized to have had such disclosures made to him or her under the provisions of this Stipulation, the party's counsel shall immediately undertake reasonable efforts to procure the return of the information and inform the producing party's counsel of all relevant information concerning the nature and circumstances of such disclosure.  The party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the confidential information occurs.

15.    The parties agree and acknowledge that a material and willful violation of this Stipulation by any party or any of it/he/she employees, representatives, agents or experts may result in irreparable harm to the producing party, and the parties therefore consent to the issuance of any injunction to stop any further improper disclosure and any use by the party to whom the documents have been disclosed, and other appropriate relief as may be ordered by the Court upon motion by a party.  Nothing in this Stipulation shall preclude a party from pursuing an action for damages based on the violation of the terms of this Stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

#2190738.v3

16.    No Confidential Information shall be disclosed to any person or entity that becomes a party to this case after execution of this Stipulation, until after the party executes an amendment to this Stipulation thereby agreeing to the terms contained herein.

Dated this _7_ day of August 2013          Dated this ___ day of August 2013

**Howard & Howard Attorneys PLLC**      **Fee, Smith, Sharp & Vitullo, LLP**

By: _____          By: _____
Wade B. Gochnour, Esq.                 Anthony L. Vitullo, Esq.
Nevada Bar No. 6314                     Pro Hac Vice
3800 Howard Hughes Pkwy., Suite 1000   Three Galleria Tower
Las Vegas, NV 89169                     13155 Noel Road, Suite 1000
Telephone: (702) 257-1483               Dallas, TX 75240
Facsimile:  (702) 567-1568
E-mail: wbg@h2law.com                   In Association With
*Attorneys for Millennium Drilling Co., Inc.*

                                        **The Harris Law Firm PC**
                                        Pro Hac Vice
                                        5050 West Lovers Lane
                                        Dallas, TX 75209

                                        And

                                        Thorndal, Armstrong, Delk, Balkenbush &
                                        Eisinger
                                        1100 E. Bridger Ave.
                                        Las Vegas, NV 89125-2070

<u>**ORDER**</u>

**IT IS SO ORDERED** 12th day of August 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

#2190738.v3

Page 6 of 7

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

## EXHIBIT A

I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order entered in *Millennium Drilling Co., Inc, v. Beverly House-Meyers Revocable Trust, et al,* Case No. 2:12-cv-00462-MMD-CWH, pending in the United States District Court for the District of Nevada, and I understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive such "Confidential Information," pursuant to the terms of said Stipulated Protective Order and any document or any information designated as "Confidential Information" or any copies or extracts or information derived there from, which have been disclosed to me. I further agree to use any information disclosed to me in connection with the above-mentioned case solely for the purpose of this case and not for other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of United States District Court for the District of Nevada with respect to any matter relating to or arising out of the Stipulated Protective Order, for the purpose of enforcing said Stipulated Protective Order.

Date: _____

_____
Signature

_____
Type or Print Name

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

#2190738.v3