UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MILLENIUM DRILLING CO., INC., )<br>             )<br>        Plaintiff,     )<br>             )<br>vs.          )<br>             )<br>BEVERLY HOUSE-MEYERS )<br>REVOCABLE TRUST, *et al.*, )<br>             )<br>        Defendants.     )<br>_____) | Case No.  2:12-cv-00462-MMD-CWH<br><br>**ORDER** |

      This matter is before the Court on Defendants and Third-Party Plaintiffs' ("Defendants") Amended Motion to Compel Deposition (#198), filed December 22, 2014.  By way of the amended motion, Defendants seek an order requiring non-party Matthew Barnes' counsel to accept service of a Rule 45 subpoena directed toward Barnes in his individual capacity.  Defendants original motion requesting identical relief was denied without prejudice for failure to provide points and authorities in support of the request.  *See* Order (#183) (holding that the general statement that "[Defendants] have the right to subpoena nonparties to give testimony under Fed. R. Civ. P. 45" was inadequate to support the request).

      Unfortunately, Defendants amended motion suffers from the same defect.  In every respect, the amended motion is identical to the original motion with the exception of the addition of the following: "A party may depose *any* person who has knowledge of relevant facts.  Fed. R. Civ. P. 30.  If the deponent is a non-party and is refusing to make themselves available, their attendance may be compelled by subpoena under Rule 45."  Amended Motion (#198) at 3:10-14 (emphasis in original).  The foregoing "authority" in no way supports the notion that a Rule 45 subpoena

directed toward a non-party may be served on the non-party's attorney whether by agreement or otherwise. The overwhelming authority of case law within the Ninth Circuit establishes that personal service of a Rule 45 subpoena is required.

Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties. A Rule 45 subpoena is required to obtain testimony or documents from one who is not a party to the action or controlled by a party to the action. Rule 45, in pertinent part, provides: "Serving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b). "Service of a subpoena must be made by personally delivering a copy of the subpoena to the person being served and there is no substitute service." *Newell v. County of San Diego*, 2013 WL 4774767 *2 (S.D. Cal.).[1] Most courts interpret the term "delivering" in Rule 45 to require personal service. *Prescott v. County of Stanislaus*, 2012 WL 10617 (E.D. Cal.). In *Prescott*, the court noted that "[t]hough the Ninth Circuit has not issued a published opinion on this topic, more than a decade ago, in *Chima v. United States Dept. of Defense*, 23 Fed. Appx. 721 at *6-7 (9th Cir. 2001), the Court issued an unpublished decision affirming a trial court's refusal to compel compliance with subpoena that was served by mail." *Prescott*, 2012 WL 10617 at *3; *see also Alexander v. California Dept. of Corrections*, 2011 WL 104767 (E.D. Cal.) (the requirement for personal service under Rule 45 is based on a "longstanding interpretation of Rule 45"); *Edwards v. Las Vegas Metropolitan Police Dept.*, 2014 WL 7012436 (D. Nev.) (personal service of a Rule 45 is required under Rule 45(b)); *Johnson v. Cheryl*, 2013 WL 129383 (D. Nev.) (same).

Despite the overwhelming authority within the Ninth Circuit that personal service of a Rule 45 subpoena is required, Defendants have, again, failed to provide any authority for the proposition

---

[1] In *Newell*, the defendants filed a motion requesting the court's assistance in coordinating the depositions of several non-party witnesses because several attempts at personal service had failed. During some attempts, the process server was threatened with physical harm and, at one point, pushed in the back. Defense counsel approached opposing counsel who agreed to inform the non-parties of the purpose of the depositions, but did not respond to any subsequent inquiries from defense counsel. Concerned by the "risk of harm" to anyone tasked with serving the subpoenas, the defendants asked the court for help. The request was denied because the moving party failed to provide a legal basis for the request and "fail[ed] to provide a citation to a single case, rule, or statute stating that [the court] has the authority to compel the depositions of non-party witnesses who have not been properly subpoenaed." *Newell*, 2013 WL 4774767 *2-3.

that the court can compel an attorney to accept service of a Rule 45 subpoena on behalf of non-party.  To the extent there is any authority in support of such a proposition, it is not the job of the Court to act as counsel in searching for legal authority or theory where a moving party has failed to do so.  *United States v. Alcatraz*, 2014 WL 3953177 (D. Nev.).  The burden of representation lies with the parties, not the Court.  Thus, given the absolute failure of Defendants to provide any support for their requested relief, the amended motion to compel will be denied.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants and Third-Party Plaintiffs' Amended Motion to Compel Deposition (#198) is **denied**.

DATED: January 8, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**