UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MILLENNIUM DRILLING CO., INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY HOUSE-MYERS REVOCABLE TRUST; BEVERLY-HOUSE MYERS, TRUSTEE; GRACE MAE PROPERTIES, LLC; HAMRICK TRUST; ROBERT H. HAMRICK AND MOLLY KAY HAMRICK, TRUSTEES; DOES I through X; and ROES I through X,<br><br>Defendants. | Case No. 2:12-cv-00462-MMD-CWH<br><br>**ORDER** |
| MOLLY HAMRICK; BEVERLY HOUSE-MYERS; R&M HAMRICK FAMILY TRUST,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>JONATHAN FELDMAN; MONTCALM, LLC; PATRIOT EXPLORATION COMPANY, LLC; CARTER HENSON, JR.; MATTHEW BARNES; ROBERT HOLT; ELIZABETH HOLT; and SCHAIN, LEIFER, GURALNICK,<br><br>Third-Party Defendants. | |

**I.     INTRODUCTION**

Before the Court are five post-judgment motions. Defendants and Third-Party Plaintiffs ("HHM Parties") bring four motions: (1) Motion to Amend the Judgment ("Motion

to Amend") (ECF No. 331); (2) Motion to Stay Enforcement of Judgment Pending Disposition of Defendants' Motion to Amend the Judgment ("Motion to Stay") (ECF No. 334); (3) Renewal of Motion for Judgment as a Matter of Law ("Rule 50(b) Motion") (ECF No. 340); and (4) Motion to Stay Enforcement of the Judgment Pending Appeal to the Ninth Circuit ("Motion to Stay Pending Appeal") (ECF No. 349). Plaintiff Millennium Drilling Co., Inc. ("Millennium") brings a Motion for Writ of Execution ("Motion for Writ") (ECF No. 348). The Court has reviewed HHM Parties' response (ECF No. 354) and replies (ECF Nos. 341, 356, 357, 377), Third-Party Defendants Jonathan Feldman and Patriot Exploration Company, LLC ("Patriot") and Plaintiff Millennium's collective[1] responses (ECF Nos. 337,[2] 353), as well as Millennium's response[3] (ECF No. 376) and reply (ECF No. 357).

For the reasons discussed below, all four of HHM Parties' Motions are denied and Millennium's Motion is granted.

**II.    BACKGROUND**

This case concerns a contract dispute arising from a series of oil and gas investment drilling partnerships.[4] After a nine-day trial beginning on November 8, 2016, a jury returned a verdict in favor of Millennium on its breach of contract and breach of the implied covenant of good faith and fair dealing claims and denied relief to HHM Parties on all claims in their third-party complaint. (ECF No. 330.) Judgment on the verdict was then entered on November 22, 2016. (ECF No. 328.)

On December 6, 2016, HHM Parties filed the Motion to Amend based on the theory that Millennium received a double recovery by being awarded damages for both its breach of contract claim and its breach of the implied covenant of good faith and fair dealing claim.

---

[1]Henceforth, Jonathan Feldman, Patriot, and Millennium are referred to collectively as "Patriot Parties."

[2]Patriot Parties filed one brief that simultaneously responds to HHM Parties' Motion to Amend and Motion to Stay.

[3]Only Millennium filed a response to HHM Parties' Rule 50(b) Motion.

[4]An overview of the facts in this case can be found in the Pre-Trial Order. (*See* ECF No. 238 at 2-7.)

2

(ECF No. 331.) That same day, HHM Parties also filed their Motion to Stay. (ECF No. 334.)

On December 13, 2016, HHM Parties renewed their motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), raising for the first time purely legal questions concerning the existence of an event of default under the relevant contracts. (ECF No. 340.) On December 21, 2016, HHM Parties filed a notice of appeal to the Ninth Circuit. (ECF No. 346.) The following day, both parties filed motions: Millennium filed a motion for a writ of execution while HHM Parties filed an emergency motion to stay enforcement of the judgment pending its appeal to the Ninth Circuit. (ECF Nos. 348, 349.) This Court ultimately refused to consider the emergency motion to stay on an emergency basis because of HHM Parties' failure to comply with Local Rule 7-4(a). (ECF No. 350.)

**III.    HHM PARTIES' MOTION TO AMEND (ECF No. 331)**

HHM Parties bring their motion to amend the judgment under Rule 59. (ECF No. 331 at 2.) The Ninth Circuit has held that a Rule 59(e) motion to amend or alter a judgment—also known as a motion for reconsideration—should not be granted "absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The motion must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or facts upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations and internal quotation marks omitted). A motion is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court

3

properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Moreover, "a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

HHM Parties appear to make the claim that the jury's verdict is based on a manifest error of law, specifically, the existence of a breach of the duty of good faith and fair dealing. HHM Parties contend that the basis for Millennium's breach of the duty of good faith and fair dealing claim is HHM Parties' disavowal of their debt, which is simply another way to say that HHM Parties breached an express obligation in the promissory notes. (*See* ECF No. 331 at 5.) HHM Parties point to Delaware case law—Delaware law governs the Falcon Drilling contract—wherein the court found that in order to sufficiently state a claim for breach of the duty of good faith and fair dealing, the party needed to allege an implied contractual obligation and a breach of that obligation. (ECF No. 331 at 4 (citing *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del Ch. 2009)).) Thus, because Millennium put forth no evidence of an additional implied contractual provision that HHM Parties breached, HHM Parties contend that the damages awarded for this claim—$1,366,000 attributed to Beverly House-Myers and Grace Mae Properties, LLC and $751,300 attributed to R&M Hamrick Family Trust under the Falcon Drilling Partnership[5] (*id.* at 3)—amount to an impermissible double recovery for the same injury. (*See id.* at 6.)

Millennium responds that the issue of whether the "disavowal of debt" constituted an express contractual provision should have been raised earlier in the litigation. (*See* ECF No. 337 at 4.) In its First Amended Complaint ("FAC"), Millennium alleges that the basis for the breach of the duty of good faith and fair dealing was in part the parties' failure to make payment on amounts owed to Millennium under the contracts and by seeking to interfere with other resolutions made on behalf of the partnerships. (*See* ECF No. 30 at 7,

---

[5]These amounts represent the accrued interest under the contracts.

11, 14.) HHM Parties thus had ample notice of the allegations supporting Millennium's claim. HHM Parties fail to offer a valid reason why the Court should now consider their argument concerning the legal sufficiency of the jury's finding a breach of the duty of good faith and fair dealing.

In addition, Millennium aptly points out that the damages awarded under the breach of the duty of good faith and fair dealing claim reflect a distinct category of damages and not a double recovery. (ECF No. 337 at 3.) The amount that the jury awarded for this claim was merely the pre-judgment interest accrued pursuant to the specific agreements.[6] To the extent that HHM Parties take issue with the jury finding a breach of the duty of good faith and fair dealing resulting in a damage award, they should have raised this issue earlier on in litigation, ostensibly at the motion to dismiss stage, as the plaintiff did in the *Kuroda* case that HHM Parties rely upon. Alternatively, HHM Parties could have proposed a jury instruction on this issue or moved for judgment as a matter of law pursuant to Rule 50(a) at the close of the case on the breach of the duty of good faith and fair dealing claim. The HHM Parties did none of these. Thus, HHM Parties have clearly waived their arguments with respect to this claim by not raising them earlier.

HHM Parties request that if this Court allows the interest damages to stand for the breach of the duty of good faith and fair dealing claim, then the Court amend the judgment to discount the damages owed to their present value.[7] (ECF No. 331 at 6.) However, this is also an issue that could have been raised earlier, for instance through a motion for

---

[6]In their reply, HHM Parties state that "under Delaware law, an underlying compensatory damage value that is causally linked to the alleged conduct supporting breach of the covenant of good faith and fair dealing is a prerequisite for awarding prejudgment interest as a part of a damage model for that cause of action." (ECF No. 341 at 5.) They base this contention on Delaware case law, which requires that "to state a claim for breach of the implied covenant of good faith and fair dealing, a litigant must allege a specific obligation implied in the contract, a breach of that obligation and resulting damages." (ECF No. 341 at 4-5 (quoting *Matthew v. Laudamiel*, C.A. No. 5957-VCN, 2012 WL 605589, at *16 (Del Ch. Feb. 21, 2012)).) However, this case dealt with a motion to dismiss a claim for breach of the duty of good faith and fair dealing at the *pleading* stage.

[7]The Court assumes that HHM Parties are requesting that the Court factor in inflation such that the damage amount, owed under the contract in 2026, be discounted to current dollar value. However, they cite no Delaware law in support of this proposition.

summary judgment limiting damages or a proposed jury instruction. The language of the contracts also does not indicate that in the event of default the note amount should be discounted to present day value.

For these reasons, the Court denies HHM Parties' Motion to Amend.

## IV. HHM PARTIES' MOTION TO STAY (ECF No. 334)

The Motion to Stay requests a stay of the judgment pending the Court's resolution of the Motion to Amend. (ECF No. 334.) The Court's resolution of the Motion to Amend renders the Motion to Stay moot. The Motion to Stay is therefore denied.

## V. HHM PARTIES' RULE 50(B) MOTION (ECF No. 340)

A post-trial Rule 50(b) motion is "limited to the grounds asserted in the pre-deliberation Rule 50(a) motion." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). "A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

In their Rule 50(b) Motion, HHM Parties present new arguments not raised in their initial Rule 50(a) motion. Specifically, they make two new arguments. First, they argue that the question of whether there was an event of default under the Assumption Agreement that allowed for acceleration of the amounts owed under the Subscription Notes is a question of law that should not have been submitted to a jury. (*See* ECF No. 340 at 11.) Second, they argue that, given that whether default and acceleration occurred is a legal question, the Court must strictly scrutinize whether Millennium's theory of default is supported by the relevant law, which they contend rejects the notion that filing a lawsuit constitutes repudiation of a debt. (*See id.* at 12-13.)

During the Rule 50(a) motion raised pre-verdict, HHM Parties raised four different arguments from the two presented in their Rule 50(b) Motion: (1) the expert witness's testimony, based on his review of 7,000 pieces of paper, did not establish that an event of default had occurred (ECF No. 375 at 230); (2) the Subscription Notes lacked consideration (*id.* at 230-31); (3) the partnerships were limited and not general

6

partnerships (*id.* at 233-34); and (4) Millennium's claims were unripe because the Falcon Partnership had purchased bonds that had yet to reach their date of maturity (*id.* at 231). During oral argument on the Rule 50(a) motion, HHM Parties did not raise the issue of whether the existence of an event of default was a matter of law that must be decided based upon the language in the agreements. Instead, their counsel stated, "There is no evidence to justify a default event to accelerate this Note." (*Id.* at 234.) Counsel also argued that the events of default listed in the Turnkey Agreement, which the partnerships alone were a party to, did not apply to Molly Hamrick or Beverly House-Myers. (*Id.* at 235.) None of the arguments presented in the Rule 50(a) motion pre-verdict remotely resemble the arguments raised in HHM Parties' 50(b) Motion where they argue that the existence of an event of default requiring acceleration is a question of law that the Court must determine by strictly scrutinizing the plain language of the contracts. As a result, the HHM Parties waived these arguments.

Despite HHM Parties' failure to raise these arguments in their Rule 50(a) motion pre-verdict, the Court may review the jury's verdict for plain error. *See Logtale, Ltd. V. IKOR, Inc.*, No. 11-cv-05452-EDL, 2016 WL 7743408, at *3 (N.D. Cal. Aug. 16, 2016) ("[w]here a party does raise new arguments in a Rule 50(b) motion, the court is limited to reviewing the jury's verdict for plain error") (internal quotation marks and citation omitted). However, given that the legal arguments in the Rule 50(b) Motion could have been raised much earlier on in litigation as well as HHM Parties' failure to propose any jury instructions related to Millennium's claims beyond one concerning mitigation of damages, the Court declines to reach the merits of these arguments post-verdict. *See Taddeo v. Koval Flamingo, LLC*, No. 2:12-cv-01110-APG-NJK, 2016 WL 6272367, at *1 (D. Nev. Oct. 25, 2016) (finding that, because a party failed to raise an argument in a pre-verdict motion for judgment as a matter of law, the court need not entertain the party's post-verdict argument); *see also* Fed.R.Civ.P. 50(b), Advisory Committee Notes on the 2006 Amendments ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion.").

Therefore, the Court denies HHM Parties' Rule 50(b) Motion.

## VI. HHM PARTIES' MOTION TO STAY PENDING APPEAL (ECF No. 349)

HHM Parties request that this Court stay enforcement of the judgment pending their appeal to the Ninth Circuit pursuant to Rule 62 and Federal Rule of Appellate Procedure 8.[8] In deciding whether to issue a stay pending appeal, the district court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (internal quotation marks omitted). The district court balances these factors on a sliding scale, where a strong showing on one factor may offset a weaker showing on another. *See Levia-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

In assessing the likelihood of success on the merits, this Court turns to the standard of review utilized by the Ninth Circuit in reviewing jury verdicts, which requires the court to affirm the judgment if there is substantial evidence to support the jury's verdict. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). This standard also requires that, if "sufficient evidence is presented to a jury on a particular issue and if the jury instructions on the issue stated the law correctly, the [appellate] court must sustain the jury's verdict." *Id*.

After reviewing the jury instructions proposed and agreed upon by the parties, the Court finds that there was sufficient evidence for the jury to determine based on those instructions that there was a breach of the duty of good faith and fair dealing, to award pre-judgment interest as damages for that breach, and for the jury—as opposed to the

---

[8]Federal Rule of Appellate Procedure 8 applies only to motions to stay filed in the appellate court. Federal Rule of Civil Procedure 62 applies to motions to stay filed in the district court. For that reason, this Court considers HHM Parties' motion only under Rule 62.

8

court—to be permitted to find the existence of an event of default. Moreover, HHM Parties do not contend that the jury instructions in this case misstated the law. The issues raised in their Motion to Amend and Rule 50(b) Motion, which they present as the basis for their likelihood of success on the merits (*see* ECF No. 349 at 6-11), address their own failure to raise legal arguments sooner in this case or to propose specific jury instructions. For instance, had HHM Parties proposed a jury instruction explaining that a breach of the duty of good faith and fair dealing required a separate injury resulting from a breach of an implied contractual obligation[9] or an instruction that pre-judgment interest could only be awarded if underlying compensatory damages were granted for that breach,[10] the jury may have reached a different conclusion. However, no such instructions were proposed; in fact, HHM Parties' proposed jury instructions included only one instruction related to Millennium's claims on the issue of mitigation of contract damages. (*See* ECF No. 271-1 at 16.) Moreover, HHM Parties did not object to the instructions presented to the jury regarding Millennium's injury, which clearly permitted the jury to infer that HHM Parties' disavowal of their debt constituted both a breach of contract and a breach of the duty of good faith and fair dealing. (*See* ECF No. 325 at 31-32, 40.) This failure to preserve the record makes success on their double recovery claim unlikely.

On the issue of submitting to a jury the question of whether under the plain language of the contracts the repudiation of debt constituted an event of default requiring acceleration, the cases cited by HHM Parties do not support their assertion that the Court

---

[9]The ultimate jury instruction on this claim states that "Millennium claims that each of Defendants violated the duty to act fairly and in good faith by disavowing their debt in connection with their investments," and that "[t]o establish this claim, Millennium must prove by a preponderance of the evidence the following:

First, that Millennium and Defendants entered into contracts;
Second, that Millennium did all, or substantially all of the significant things the contract required it to do;
Third, that all the conditions required for Millennium's performance had occurred;
Fourth, that Defendants actions interfered with Millennium's right to receive the benefits of each contract; and
Finally, that Millennium was harmed by Defendant's conduct."
(ECF No. 325 at 40.)

9

erred in allowing the issue to be presented to the jury. First, HHM Parties contend that whether an occurrence constitutes an event of default is a matter of law. (*See* ECF No. 349 at 10.) However, this is the case only if the contractual provision on the event of default is deemed to be unambiguous. *See Eugene A. Dell Donne and Son, L.P. v. Applied Card Sys. Inc.*, 821 A.2d 885, 887-88 (Del. 2003) (finding that the provisions at issue in the contract were "plain"). In their Rule 50(b) Motion, HHM Parties concede that the clause Millennium appears to rely on for an event of default "ends prematurely and awkwardly," "does not quite make sense," "has a strangely placed semi-colon," and is an "incomplete sentence [that] ends with a dangling unspecified condition." (ECF No. 340 at 10.) Essentially claiming that the provision on which Millennium makes the case for an event of default is ambiguous, HHM Parties then claim there is a lack of evidence upon which the jury reached its verdict based on HHM Parties' own interpretation of this contractual provision. (*See id.*; *see also* ECF No. 349 at 9-10.) HHM Parties' failure to raise these arguments at trial—to highlight the ambiguity of the provision regarding an event of default and to argue that the disavowal of debt, either through the wording of an email or the initiation of a lawsuit, did not amount to an event of default based on a reasonable interpretation of the provision—does not mean that the jury's verdict is based on insufficient evidence. Rather, the jury found Millennium's interpretation of the provision to be viable and weighed the evidence in light of it, finding that the disavowal of debt in whatever form constituted an event of default within the meaning of the contract.

Second, HHM Parties' contention that acceleration is a legal matter to be determined solely by the court is not supported by the case law they cite. For instance, in *Brown v. Avemco Inv. Corp.*, the Ninth Circuit addressed the adequacy of a jury instruction on acceleration under Texas law, where the plaintiffs proposed several versions of the acceleration instruction and the court chose an instruction more favorable to the defendant that failed to incorporate relevant legal and equitable principles. *See Brown v. Avemco Inv. Corp.*, 603 F.2d 1367, 1372-73, 1380 (9th Cir. 1979). Given that HHM Parties did not even propose an instruction on acceleration or object to the absence of one, the Court

fails to see how the jury erred in finding that an event of default had occurred requiring acceleration of amounts owed under the contract.

The Court thus finds that HHM Parties have not demonstrated that they are likely to succeed on the merits of either of their two arguments on appeal. Accordingly, the Court denies their request for a stay pending appeal.

**VII. MILLENNIUM'S MOTION FOR WRIT (ECF No. 348)**

HHM Parties argue that Millennium would not be harmed if the Court stayed execution of the judgment, but this argument ignores a prevailing party's right to enforce a judgment following a jury verdict, particularly where the case has been pending for over four years. The Court agrees with Millennium that HHM Parties failed to provide any evidence demonstrating that they cannot satisfy the judgment without selling their homesteads. The equities do not favor a stay, particularly where HHM Parties fail to show any attempts to post a *supersedeas* bond or to offer any form of security to support their request for a stay. For these reasons, the Court grants Millennium's motion for a writ of execution.

**VIII. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the parties' motions

It is therefore ordered that HHM Parties' Motion to Amend (ECF No. 331), Motion to Stay (ECF No. 334), Rule 50(b) Motion (ECF No. 340), and Motion to Stay Pending Appeal (ECF No. 349) are denied.

It is therefore ordered that Millennium's Motion for Writ of Execution (ECF No. 348) is granted.

DATED THIS 5th day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE