UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MILLENNIUM DRILLING CO., INC., A DELAWARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY HOUSE-MYERS REVOCABLE TRUST, BEVERLY HOUSE-MYERS, TRUSTEE; GRACE MAE PROPERTIES, LLC; HAMRICK TRUST, ROBERT H. HAMRICK AND MOLLY KAY HAMRICK, TRUSTEES; DOES I through X; and ROES I through X,<br><br>Defendants. | Case No. 2:12-cv-00462-MMD-CWH<br><br>ORDER |
| MOLLY HAMRICK, BEVERLY HOUSE-MYERS, R&M HAMRICK FAMILY TRUST;<br><br>Third-Party Plaintiffs,<br>v.<br><br>JONATHAN FELDMAN; MONTCALM, LLC; PATRIOT EXPLORATION COMPANY, LLC; CARTER HENSON, JR.; MATTHEW BARNES; ROBERT HOLT; ELIZABETH HOLT; AND SCHAIN, LEIFER, AND GURALNICK,<br><br>Third-Party Defendants. | |

**I.     INTRODUCTION**

Before the Court is Plaintiff and Third-Party Defendants' ("Patriot Parties") Motion for Attorneys' Fees ("Motion") (ECF No. 333) and Supplemental Motion for Attorneys' Fees

("Supplemental Motion") (ECF No. 402). The Court has reviewed Defendants and Third-Party Plaintiffs' ("HHM Parties") response (ECF No. 343) and Patriot Parties' reply (ECF No. 351) as well as all accompanying exhibits regarding the Motion.[1]

For the reasons discussed below, Patriot Parties' Motion and Supplemental Motion are denied.

## II.　　RELEVANT BACKGROUND

On March 19, 2012, Plaintiff Millennium initiated a lawsuit in this Court against Defendants Beverly House-Myers Revocable Trust ("House-Myers Trust"), Beverly House-Myers, Grace Mae Properties, LLC ("Grace Mae Properties"), Hamrick Trust, Robert H. Hamrick, and Molly Kay Hamrick (collectively, "the Hamricks") to recover the amounts that the House-Myers Trust/Grace Mae Properties and the Hamricks owed to Millennium pursuant to particular assumption agreements and subscription note and security and pledge agreements ("subscription notes"). (ECF No. 1.) On June 6, 2012, Beverly House-Myers, Molly Hamrick, and R&M Hamrick Family Trust ("Hamrick Trust") initiated a separate lawsuit in state court in Texas against a variety of Defendants including Jonathan Feldman and Patriot Exploration Company, LLC, generally alleging that the Defendants had fraudulently induced them to enter into these agreements. (ECF No. 333-2.) That lawsuit was then removed to the District Court for the Southern District of Texas on July 7, 2012, and the case was transferred on January 15, 2013, to this Court. (ECF No. 333 at 4.) The two cases were then consolidated into one action on May 6, 2013. (ECF No. 79.)

On November 21, 2016, after a nine-day jury trial, a jury rendered a verdict in favor of Plaintiff Millennium Drilling Co., Inc. ("Millennium") and Third-Party Defendants Jonathan Feldman and Patriot Exploration Company, LLC ("Patriot") (collectively, all three are referred to as "Patriot Parties"). (ECF No. 330.) At trial, Patriot Parties were represented by three law firms while HHM Parties were represented primarily by Anthony

---

[1] The Supplemental Motion is not fully briefed. However, the Court determines that no further briefing is needed.

Vitullo. Patriot Parties now move for reasonable attorneys' fees and costs of litigation based on the language of the relevant subscription notes.

**III.     MOTION**

   **A.     Whether Patriot Parties Are Entitled to Attorneys' Fees**

As a threshold matter, HHM Parties argue that Patriot Parties are not entitled to fees, costs or expenses under the Colt and Lion Subscription Notes because Patriot Parties failed to actually collect the money on those two notes at trial.[2] (ECF No. 343 at 3-7.) The Court disagrees.

The Colt Subscription Note states that "Maker shall pay all costs of collection of principal or interest owing under this Note, including (without limitation) reasonable attorneys' fees and expenses." (ECF No 343-2 at 4; ECF No. 343-3 at 3.) Similarly, the Lion Subscription Note states that "Maker shall pay all costs of enforcement and collection of this Note after default, including (without limitation) reasonable attorneys' fees and expenses." (ECF No. 343-4 at 3.) HHM Parties rely on New York and Delaware law, as well as the plain meaning of "collection," to argue that Patriot Parties must first actually obtain payment of the notes before they may seek attorneys' fees, costs, and other expenses. Parties contend that because the jury failed to award Millennium any payment under the Colt or Lion Subscription Notes, Millennium did not "collect" on the Notes. (ECF No. 343 at 5.) For instance, they state that based on New York law, which controls the Colt Subscription Note, "Receiving payment under the note (i.e., 'collection') is the sole condition under which Millennium could successfully assert a claim for expenses, costs, and attorneys' fees under the plain language of the Colt Subscription Note." (*Id.*)

However, the relevant provision is not "collection"; rather, it is "costs of collection." Both the plain meaning and legal definition of "costs of collection" include those costs expended in an effort to collect on monies owed. *See Costs of Collection*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("attorney's fees incurred in the effort to collect a note").

---

[2]HHM Parties do not dispute that Patriot Parties may collect the reasonable costs or attorneys' fees under the Falcon Subscription Note. (*See* ECF No. 343 at 3-8; ECF No. 351 at 2.)

3

Moreover, the cost of bringing this suit to get a judicial determination that the subscription notes are legally enforceable falls within the purview of "costs of collection" or "costs of enforcement and collection." The jury found that an event of default occurred under the Colt Subscription Note when Colt became insolvent, implicitly finding that the Colt Subscription Note is presently due. (*See* ECF No. 343 at 7, n.5; *see also* ECF No. 379 at 76; *see also* ECF No. 330 at 2-3.) Similarly, the jury found that HHM Parties had breached the Lion Subscription Note by disavowing their debt, implicitly finding that this disavowal constituted an event of default under the subscription note, permitting Millennium to accelerate all debt owed under the agreement. (*See* ECF No. 279 at 19; *see also* ECF No. 330 at 2-3.) Thus, because all debt under the Colt and Lion Subscription Notes is now due, despite Patriot Parties' failure to obtain damages for HHM Parties breach of their obligations under the contracts, the amounts under the contracts are legally enforceable. To wait until HHM Parties actually pay these amounts to obtain attorneys' fees and costs—which they propose is the correct reading of the contracts—results in an absurd consequence whereby Patriot Parties cannot obtain attorneys' fees for the litigation, a cost of collection, because the time for doing so would have expired. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (requiring that a claim for attorneys' fees be by motion filed no later than fourteen days after entry of judgment).

Therefore, the Court finds that Patriot Parties are entitled to attorneys' fees, costs and expenses relating to the Colt and Lion Subscription Notes.

**B.     Reasonableness of Patriot Parties' Attorneys' Fees and Costs**

The Court is unable to determine whether Patriot Parties' attorneys' fees and costs are reasonable because of their failure to comply with LR 54-14, specifically the failure to include a reasonable itemization and/or description of the work performed, the time and labor spent on particular tasks, or a description of particular costs.

HHM Parties argue that the accompanying declarations to the Motion are deficient and that Patriot Parties have failed to account for their time and services with any degree of specificity. The Court agrees. For instance, in the declaration of Brian McManus, he

provides a chart of the hours expended by other attorneys at his firm and their hourly rates but fails to identify what these attorneys spent their time on, thereby failing to provide a description of the work they performed. (ECF No. 333-5 at 4.) Keith Fleischman's declaration also suffers from the same deficiency, and the attached exhibit regarding how many hours each attorney spent on each motion, discovery, mediation, call, or trial preparation does not provide any information about how much time was spent on the tasks or what labor/work was performed with any degree of specificity. (*See* ECF No. 333-6 at 4, 16-18.) Moreover, many of Patriot Parties' costs do not contain any description at all. For instance, in David Plastino's declaration,[3] he merely states the amount invoiced for a particular period of time without specifying what work was performed during that time. (ECF No. 333-8 at 3.) Similarly, in Wade Gochnour's declaration,[4] he provides print outs of costs for such things as photocopies and transcripts but fails to indicate what it is he photocopied or printed. (ECF No. 337-5 at 7-11.)

In their reply, Patriot Parties state that their reason for not providing detailed invoices is a desire not to burden the Court with four years of billing records and a concern regarding litigation strategy in a related case.[5] (ECF No. 351 at 4.) However, both the Court and HHM Parties need more detailed records in order to determine whether the fees and costs that are requested are reasonable. Based on the current declarations, the Court is unable to tell whether there are any redundancies or inefficiencies in how the three law firms in this case allocated their work. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Therefore, the Court cannot determine whether or not the attorneys' fees and costs are reasonable.

///

///

---

[3]David Plastino was the expert witness for Patriot Parties.

[4]Wade Gouchner was one of the attorneys representing Patriot Parties.

[5]Because Patriot Parties are asking for reasonable attorneys' fees and costs, this information should not be privileged. Moreover, HHM Parties need to be able to view itemized descriptions of the fees and costs in order to determine if they have valid grounds to dispute Patriot Parties' claimed reasonableness of their fees.

## C. 28 U.S.C. § 1927

In their Motion, Patriot Parties asks that if "any of the attorneys' fees and expenses incurred by [them] in this case are not payable under the Subscription Notes" they be permitted to recover the balance of fees from Mr. Vitullo himself under 28 U.S.C. § 1927. (ECF No. 333 at 19.)

Section 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 requires that the attorney acted in bad faith or by "knowingly or recklessly making a frivolous argument" before a district court may impose sanctions. *Gin v. Chicago Ins. Co.*, 106 F.3d 407 (9th Cir. 1997). Negligent conduct is not enough. Before issuing an attorneys' fee award pursuant to section 1927, a district court must make a finding of subjective bad faith. *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996). A court retains "substantial leeway" when determining whether to impose sanctions pursuant to section 1927. *Haynes v. City & Cty. Of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012).

Patriot Parties argue that HHM Parties' attorney Anthony Vitullo's tactics and conduct increased the burdens of litigation because his conduct required Patriot Parties to file motions to ensure that HHM Parties abides by the rules of procedure and evidence. (ECF No. 333 at 20.) Patriot Parties also contend that Anthony Vitullo presented unfounded claims without any supporting evidence, posed inflammatory questions, urged the jury to draw unsupportable references, and made material misrepresentations to the Court about the admissibility of evidence.[6] (*Id.*; *id.* at 20, n.8.) Despite this conduct, the Court declines to impose sanctions given that it is not clear that Mr. Vitullo's conduct rises to the level of recklessness.[7]

---

[6] It is unclear from the Motion whether Patriot Parties are seeking sanctions based on Mr. Vitullo's conduct prior to trial or solely during the course of trial.

[7] Moreover, HHM Parties point out in their response that Mr. Vitullo apologized to the Court near the end of trial, which does not demonstrate that he intended to undermine the judicial process. (ECF No. 343 at 23.)

6

## IV. SUPPLEMENTAL MOTION

In the Supplemental Motion, Patriot Parties request that in the event that Hamrick Trust and Beverly House-Myers Revocable Trust do not have sufficient assets to pay for reasonable attorneys' fees and costs, the Court hold Molly Hamrick and Beverly House-Myers personally liable under Federal Rule of Civil Procedure 54(a)(1) and LR 54-1 in this consolidated action. (ECF No. 402 at 2, 4.) However, this is an argument that could have been raised nine months earlier in their initial Motion. Therefore, the Court denies this request.

Patriot Parties also request additional attorneys' fees and costs of litigation based on HHM Parties' post-trial motions. (*Id.* at 6.) While the fourteen-day limit for filing motions for attorney's fees is tolled pending resolution of certain post-trial motions, *Bailey v. Cty. of Riverside,* 414 F.3d 1023, 1025 (9th Cir. 2005), HHM Parties' first post-trial motion (ECF No. 331) was filed on December 6, 2016—the final day that Patriot Parties could have filed their motion for attorneys' fees—and Patriot Parties waited to file their Supplemental Motion until nearly two months after the Court had issued its order resolving the post-trial motions (ECF No. 392). Therefore, the Court denies this request.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of Patriot Parties' motions.

It is therefore ordered that Patriot Parties' Motion to Award Attorneys' Fees and Costs of Litigation (ECF No. 333) is denied without prejudice and with leave for Patriot Parties to file a motion addressing the reasonableness of their attorneys' fees and costs. Patriot Parties must also provide a detailed itemization and description of their fees and costs, including the time and labor involved, that is compliant with LR 54-14. Patriot Parties have fourteen (14) days to file their motion. LR 7-2(b)'s briefing schedule will apply.

///

It is further ordered the Patriot Parties' Supplemental Motion to Award Attorneys' Fees and Costs of Litigation (ECF No. 402) is denied.

DATED THIS 12th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE