| | |
|---|---|
| Douglas D. Gerrard, Esq.<br>Nevada Bar No. 4613<br>John M. Langeveld, Esq.<br>Nevada Bar No. 11628<br>**Gerrard Cox Larsen**<br>2450 St. Rose Parkway, Suite 200<br>Henderson, NV 89074<br>*Attorneys for R&M Hamrick Family Trust*<br>*Robert H. Hamrick, Trustee and Molly*<br>*Kay Hamrick, Trustee* | Thomas W. Davis, II, Esq.<br>Nevada Bar No. 2531<br>Jason P. Weiland, Esq.<br>Nevada Bar No. 12127<br>**Howard & Howard Attorneys, PLLC**<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>*Attorneys for Millennium Drilling Co., Inc.,*<br>*Jonathan Feldman and Patriot Exploration*<br>*Company, LLC* |
| | Keith Fleischman, Esq.<br>**Fleischman Law Firm PLLC**<br>565 Fifth Avenue, 7th Floor<br>New York, NY 10017<br>*Attorneys for Millennium Drilling Co., Inc.,*<br>*Jonathan Feldman and Patriot Exploration*<br>*Company, LLC* |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MILLENNIUM DRILLING CO., INC.,<br>a Delaware Corporation,<br><br>        Plaintiffs,<br>vs.<br><br>BEVERLY HOUSE-MYERS, BEVERLY HOUSE-MYERS REVOCABLE TRUST, GRACE MAE PROPERTIES, LLC, HAMRICK TRUST, ROBERT H. HAMRICK, MOLLY KAY HAMRICK, TRUSTEES,<br><br>        Defendants<br><br>MOLLY HAMRICK, BEVERLY HOUSE-MYERS, R&M HAMRICK FAMILY TRUST,<br><br>        Third-Party Plaintiffs,<br>vs.<br><br>JONATHAN FELDMAN, MONTCALM, LLC, PATRIOT EXPLORATION COMPANY, LLC, CARTER HENSON, JR., MATTHEW BARNES, ROBERT HOLT, ELIZABETH HOLT, and SCHAIN, LEIFER, GURALNICK,<br><br>        Third-Party Defendants. | **Case No.: 2:12-cv-00462-MMD-CWH**<br><br>Case No.: 2:13-cv-00078-MMD-CWH<br>(Consolidated Case)<br><br><br><br>**STIPULATION AND [PROPOSED] ORDER RE: PARTIAL SATISFACTION OF JUDGMENT** |

COMES NOW Defendant R&M Hamrick Family Trust ("Trust"), by and through its attorneys, Gerrard Cox Larsen and Plaintiff, Millennium Drilling Co., Inc. ("Millennium"), by and through its attorneys, Fleischman Law Firm, PLLC and Howard & Howard Attorneys, PLLC and hereby submit their Stipulation and Proposed Order Re: Partial Satisfaction of Judgment, as follows:

## RECITALS

1. On or about November 22, 2016, a Judgment in a Civil Case was filed in favor of Millennium and against the Trust, in the amount of $1,411,300.00 ("Judgment") [ECF 328];

2. On or about July 6, 2017, a Writ of Execution was issued out of the United States District Court for the District of Nevada, as requested by Millennium, seeking to execute on real property owned by the Trust;

3. On or about October 6, 2017, a Claim of Exemption from Execution and Request for Hearing was filed by the Trust [ECF 405], wherein real property owned by the Trust was claimed as exempt, to the extent authorized by law, from Millennium's attempt to execute, identified as follows:

> 10316 Summit Canyon Drive
> Las Vegas, NV 89144
>
> (APN: 137-36-615-016)[1]
>
> LOT 16 IN BLOCK 1 OF STAR CANYON AS SHOWN BY MAP THEREOF ON FILE IN BOOK 81 OF PLATS, PAGE 29 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

(hereinafter the "Summit Canyon Residence").

4. Additionally, the Trust also owns that certain real property, identified as follows:

> 541 East Bear Flat Avenue
> Brian Head, UT 84719
>
> (APN: A-1217-000A-0018)
>
> ALL OF LOT EIGHTEEN (18), BLOCK A, SUNSET MOUNTAIN SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF, ON FILE IN THE OFFICE OF THE RECORDER OF IRON COUNTY, STATE OF UTAH.

(hereinafter the "Cabin Property").

---

[1] This property is subject to a Declaration of Homestead recorded on April 4, 2013, as Inst # 201304040001296, in the Official Records of Clark County, Nevada.

5. As partial satisfaction of the Judgment, Robert and Molly Hamrick will, within three (3) calendar days following the Court's entry of the Order accompanying this Stipulation, cause to be paid to Millennium from non-Trust assets, the sum of Eight Hundred Eighty Three Thousand Five Hundred Twelve Dollars ($883,512.00) ("Partial Satisfaction Payment"), in exchange for which the Summit Canyon Residence and the Cabin Property shall become permanently exempt from any further execution arising out of (i) the Judgment, (ii) any amendments or modifications to the Judgment, (iii) any further orders in this matter awarding attorneys' fees or costs, or (iv) any orders or judgments from any other court or from any other proceeding arising out of the matters and obligations which were the subject of the above referenced Consolidated Case. This Stipulation and Order shall act as a complete and permanent release by Millennium, including its assignees, successors-in-interest, and any and all others (entity or individual) claiming through Millennium or its assignees and successors, of any rights to seek recovery of any claims, liabilities, judgments or orders arising out of any matters litigated in the above referenced Consolidated Case from the real property identified in paragraphs 3 and 4 (jointly "Real Property");

6. Upon payment of the Partial Satisfaction Payment to Millennium, any and all processes initiated by Millennium to execute against the Real Property shall be withdrawn and stricken, and any further collection efforts against the Real Property by reason of the (i) the Judgment, (ii) any amendments or modifications to the Judgment, (iii) any further orders in this matter awarding attorneys' fees or costs, or (iv) any orders or judgments from any other court or from any other proceeding arising out of the matters and obligations which were the subject of the above referenced Consolidated Case, are precluded and barred.

7. The Partial Satisfaction Payment is subject to full or partial disgorgement in the event that Millennium's Judgment against the Trust is fully or partially reversed by the Ninth Circuit Court of Appeals (Case No. 16-17332).

8. Except as set forth in this Stipulation, nothing shall otherwise affect, modify, alter, eliminate or impact Millennium's right to enforce the Judgment and execute against any other assets of the Trust or Robert or Molly Hamrick, or the Trust's or Robert or Molly Hamrick's defenses to any such actions. Furthermore, nothing in this Stipulation shall constitute any admission or concession by Robert or Molly Hamrick that assets not held by the Trust are available for execution

and satisfaction of the Judgment, or any admission or concession by Millennium that such assets may not be properly executed upon in satisfaction of the Judgment.

9. **It is so stipulated.**

Dated this 12th day of January, 2018.　　　　Dated this 12th day of January, 2018.

| **Gerrard Cox Larsen** | **Howard & Howard Attorneys PLLC** |
|---|---|
| /s/ Douglas D. Gerrard, Esq. | /s/ Jason P. Weiland, Esq. |
| Douglas D. Gerrard, Esq.<br>Nevada Bar No. 4613<br>John M. Langeveld, Esq.<br>Nevada Bar No. 11628<br>2450 St. Rose Parkway, Suite 200<br>Henderson, NV 89074<br>*Attorneys for R&M Hamrick Family Trust Robert H. Hamrick, Trustee and Molly Kay Hamrick, Trustee* | Thomas W. Davis, II, Esq.<br>Nevada Bar No. 2531<br>Jason P. Weiland, Esq.<br>Nevada Bar No. 12127<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>*Attorneys for Millennium Drilling Co., Inc., Jonathan Feldman and Patriot Exploration Company, LLC* |

Dated this 12th day of January, 2018.

**Fleischman Law Firm PLLC**

/s/ Keith Fleischman, Esq.
Keith Fleischman, Esq.
565 Fifth Avenue, 7th Floor
New York, NY 10017
*Attorneys for Millennium Drilling Co., Inc., Jonathan Feldman and Patriot Exploration Company, LLC*

**[RDER**

Upon consideration of the parties' Stipulation and the entire record of this case:

IT IS HEREBY ORDERED, as partial satisfaction of the November 22, 2016 judgment ("Judgment") filed in favor of Millennium Drilling Co., Inc. ("Millennium") and against the R&M Hamrick Family Trust ("Trust"), in the amount of $1,411,300.00 Judgment, that Robert and Molly Hamrick will, no later than three (3) calendar days from the entry of this Order, cause to be paid to Millennium from non-Trust assets, the sum of Eight Hundred Eighty Three Thousand Five Hundred Twelve Dollars ($883,512.00) (the "Partial Satisfaction Payment"), in exchange for which the Summit Canyon Residence and the Cabin Property, as those terms are defined in the Stipulation and referred to herein collectively as the "Real Property", shall become permanently exempt from any further execution arising out of (i) the Judgment, (ii) any amendments or modifications to the Judgment, (iii) any further orders in this matter awarding attorneys' fees or costs, or (iv) any orders or judgments from any other court or from any other proceeding arising out of the matters and obligations which were the subject of the above referenced Consolidated Case. This Stipulation and Order shall act as a complete and permanent release by Millennium, including its assignees, successors-in-interest, and any and all others (entity or individual) claiming through Millennium or its assignees and successors, of any rights to seek recovery of any claims, liabilities, judgments or orders arising out of any matters litigated in the above referenced Consolidated Case from the Real Property identified in paragraphs 3 and 4 of the Stipulation.

IT IS FURTHER ORDERED that upon payment of the Partial Satisfaction Payment to Millennium, any and all processes initiated by Millennium to execute against the Real Property shall be withdrawn and stricken, and any further collection efforts against the Real Property by reason of the (i) the Judgment, (ii) any amendments or modifications to the Judgment, (iii) any further orders in this matter awarding attorneys' fees or costs, or (iv) any orders or judgments from any other court or from any other proceeding arising out of the matters and obligations which were the subject of the above referenced Consolidated Case, are precluded and barred. Except as set forth in this Stipulation and Order, nothing shall otherwise affect, modify, alter, eliminate or impact Millennium's rights to enforce the Judgment and execute against any other assets of the Trust or Robert or Molly Hamrick, or the Trust's or Robert or Molly Hamrick's defenses to any such actions.

Furthermore, nothing in this Stipulation and Order shall constitute any admission or concession by Robert or Molly Hamrick that assets not held by the Trust are available for execution and satisfaction of the Judgment, or any admission or concession by Millennium that such assets may not be properly executed upon in satisfaction of the Judgment.

IT IS FURTHER ORDERED, in the event that Millennium's Judgment against the Trust is fully or partially reversed by the Ninth Circuit Court of Appeals (Case No. 16-17332), the Partial Satisfaction Payment shall be subject to full or partial disgorgement.

**IT IS SO ORDERED.**

Dated: January 16, 2018

United States District Judge

Respectfully submitted by:

| **Gerrard Cox Larsen** | **Howard & Howard Attorneys PLLC** |
|---|---|
| /s/ Douglas D. Gerrard, Esq. | /s/ Jason P. Weiland, II, Esq. |
| Douglas D. Gerrard, Esq.<br>Nevada Bar No. 4613<br>John M. Langeveld, Esq.<br>Nevada Bar No. 11628<br>2450 St. Rose Parkway, Suite 200<br>Henderson, NV 89074<br>*Attorneys for R&M Hamrick Family Trust Robert H. Hamrick, Trustee and Molly Kay Hamrick, Trustee* | Thomas W. Davis, II, Esq.<br>Nevada Bar No. 2531<br>Jason P. Weiland, Esq.<br>Nevada Bar No. 12127<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89169<br>*Attorneys for Millennium Drilling Co., Inc., Jonathan Feldman and Patriot Exploration Company, LLC* |

**Fleischman Law Firm PLLC**

/s/ Keith Fleischman, Esq.
Keith Fleischman, Esq.
565 Fifth Avenue, 7th Floor
New York, NY 10017
*Attorneys for Millennium Drilling Co., Inc., Jonathan Feldman and Patriot Exploration Company, LLC*