|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   |   |
| 3 | UNITED STATES DISTRICT COURT | |
| 4 | DISTRICT OF NEVADA | |
| 5 | * * * | |
| 6 | MILLENNIUM DRILLING CO., INC., | Case No. 2:12-cv-00462-MMD-CWH |
| 7 | Plaintiff, | |
| 8 | v. | ORDER |
| 9 | BEVERLY HOUSE-MEYERS, *et al.*, | |
| 10 | Defendants. | |

In its memorandum disposition, the Ninth Circuit found that this Court erred in denying Defendants'[1] post-judgment Fed. R. Civ. P. 50(b) motion for judgment as a matter of law on Plaintiff's claims relating to the Falcon Drilling Partnership ("Falcon"). (ECF No. 434 at 2). Accordingly, the Ninth Circuit "reverse[d] the judgment entered on the jury's verdict with regard to Millennium's claims pertaining to Falcon and remand[ed] for entry of judgment as a matter of law in Investors' [Defendants'] favor on these claims." (*Id.*)

It is therefore ordered that the judgment entered pursuant to the jury verdict (ECF No. 328) is vacated. The Clerk is directed to enter judgment in favor of Defendants on Plaintiff's claims relating to Falcon.

It is further ordered that the Hamrick Trust's motion for order of disgorgement and final judgment (ECF No. 428) is granted. Plaintiff must immediately pay the Hamrick Trust $883,512.00, plus interest at the statutory rate from January 17, 2018 until the full amount is paid.

---

[1] Defendants consist of two groups: (1) the Beverly House-Myers Revocable Trust, Beverly House-Myers as Trustee of Beverly House-Myers Revocable Trust and Grace Mae Properties LLC (collectively, the "House-Myers Parties"); and (2) the R&M Hamrick Family Trust, Robert H. Hamrick as Trustee of the R&M Hamrick Trust, and Molly K. Hamrick as Trustee of the R&M Hamrick Family Trust (collectively, the "Hamrick Trust")

It is further ordered that Plaintiff's motion for leave to file a notice of supplemental authority (ECF No. 436) is denied. In that motion, Plaintiff attempts to introduce a new theory as to how the Hamrick Trust defaulted on its obligations to Plaintiff. Plaintiff did not raise that theory in this case, or on appeal at the Ninth Circuit. It is unrelated to this case, and accepting argument on that theory would prevent this Court from promptly honoring the Ninth Circuit's mandate. If Plaintiff wishes to pursue any claims based on the new theory raised in its motion, Plaintiff's recourse may be to file a separate lawsuit.

The Clerk is further directed to close this case.

DATED THIS 16th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE